*Warner, Chief Justice.
The plaintiff petitioned the Court for a rule against the sheriff, calling upon him to show cause why he should not pay the money due on certain fi. fas. which had been placed in his hands for collection. It appears from the facts disclosed in the record, that the plaintiff sued out two attachments against the property of the defendant, who was a non-resident of the State. The attachments were levied on the property of the defendant, as appears by the answer of the sheriff, which was pointed out by the plaintiff’s attorney. After the attachments had been levied, and whilst the property was in possession of the sheriff, the defendant offered to replevy the same by giving bonds and security for the payment of the plaintiff’s judgments and costs, as-provided by section 3243 of the Code. At first the sheriff de *390 dined to take the bonds, .but the security, who, the sheriff states, was a citizen of the State, having made oath that he was solvent •and worth the amount of the bonds required, the sheriff then took the bonds and turned over the property to the defendant, and in doing so acted in good faith. The plaintiff took no exception to the bonds at the return term of the attachments, but at the trial term thereof took, judgments against the principal and security for the amount of his debts; ñ. fás. were issued thereon, placed in the sheriff’s hands, who made a return thereon that he had made frequent search for property on which to levy, but had not been able to find anything in this county on which to levy. The plaintiff did not traverse the sheriff’s return. The Court, upon the foregoing statement of facts, refused to make the rule absolute against the sheriff for the payment of the money ■due the plaintiff, whereupon he excepted.
The plaintiff had his option of one of two remedies against the sheriff, if he was injured by his neglect of duty in failing to execute the process of the Court placed in his hands. First, by an action on the case against him, or to proceed against him by an attachment for contempt of Court. The *plaintiff elected to pursue the latter remedy. In our judgment, there was no error in the judgment of the Court below, in refusing to hold that the sheriff was liable to be attached for contempt of Court, and in refusing to make the rule absolute against him for the payment of the plaintiff’s debt, on the statement of facts disclosed in the record.
Let the judgment of the Court below be affirmed.